UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 26-6070 |
|---|---|
| Case Name | Hsieh v. State of Oklahoma ex rel. The Board of Regents for the University of Oklahoma, et al. |
| Party or Parties Filing Notice of Appeal Or Petition | Defendants:<br><br>1) David Surrat, in his official capacity;<br><br>2) Kayln Cavazos, in her official capacity. |
| Appellee(s) or Respondent(s) | Plaintiff, Megan Hsieh |
| List all prior or related appeals in this court with appropriate citation(s). | 26-5052 \| Hsieh v. Board of Regents for the University of Oklahoma, et al (Defendant's pending appeal);<br><br>26-6063 \| Hsieh v. Board of Regents for the University of Oklahoma, et al (Plaintiff's pending appeal). |

## I.  JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A.  APPEAL FROM DISTRICT COURT

**1.**  Date final judgment or order to be reviewed was **entered** on the district court docket: March 13, 2026 (Rule 59 Pending).

**2.**  Date notice of appeal was **filed**: April 22, 2026.

**3.**  State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 14 days from the first notice of appeal. Fed. R. App. P. 4(a)(3)

  **a.**  Was the United States or an officer or an agency of the United States a party below? No.

  **b.**  Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: <u>No.</u>

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

    <u>April 10, 2026 – Plaintiff's Motion to Reconsider. Fed R. App. P. 4(a)(4)(A)(ii), (iv).</u>

    **b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

    <u>No.</u>

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. <u>No.</u>

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    <u>No.</u>

    **b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? <u>Yes.</u>

    **c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? <u>N/A</u>

**6.** Cross Appeals.

    **a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below?

    <u>Defendants seek reversal of the district court's finding that Plaintiff established irreparable harm from the suspension notation on her residency application. Although the district court denied the preliminary injunction, it found the irreparable-harm factor weighed in Plaintiff's favor. Defendants seek reversal of that finding so that it cannot support entry of injunctive relief on remand or further</u>

proceedings.

    **b.**    If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). <u>N/A</u>

**B.**    **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.**    Date of the order to be reviewed: _____

    **2.**    Date petition for review was filed: _____

    **3.**    Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.**    Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.**    **APPEAL OF TAX COURT DECISION**

    **1.**    Date of entry of decision appealed:_____

    **2.**    Date notice of appeal was filed:_____
        (If notice was filed by mail, attach proof of postmark.)

    **3.**    State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.**    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_____

**II.**    **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

**A.**    Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

**B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

**C.**    Describe the sentence imposed. _____

**D.** Was the sentence imposed after a plea of guilty? _____

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

**F.** Is the defendant on probation or at liberty pending appeal? _____

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

Plaintiff, a medical student at the University of Oklahoma Health Sciences Center, brought this action under 42 U.S.C. § 1983, alleging the University violated her First Amendment rights by disciplining her for statements she made during calls to the 988 Suicide and Crisis Lifeline, including that she wanted to "end it all at the school" and "take the administration with me." Plaintiff moved for a preliminary injunction seeking expungement of all disciplinary records and recharacterization of her one-year suspension as an excused leave of absence.

The district court denied the preliminary injunction [Doc. 48, entered March 13, 2026]. The court found that the evidence weighed against Plaintiff's likelihood of success on the merits, and that the balance of equities and public interest favored the University because the requested relief would compel the University to provide incomplete and misleading information to residency programs. However, the court found the irreparable-harm factor weighed in Plaintiff's favor based on the potential stigma of the suspension notation on her residency applications. Plaintiff appealed the denial. Defendants cross-appeal the district court's finding that Plaintiff established irreparable harm.

## IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* **10th Cir. R. 3.4(B).**

1. Whether the district court applied the correct legal standard when it determined that the Plaintiff suffered irreparable harm without analyzing whether the harm alleged was truly "irreparable"; and

2.      Whether the district court abused its discretion in finding that Plaintiff demonstrated irreparable harm from the suspension notation on her residency application while simultaneously fining that the Plaintiff had not established exclusion from her chosen profession or a bar on her ability to apply and be accepted for residencies.

**V.      ATTORNEY FILING DOCKETING STATEMENT:**

Name: <u>C.B. Moore</u>      Telephone: <u>(405) 325-4124</u>

Firm: <u>University of Oklahoma Office of Legal Counsel</u>

Email Address: <u>cbmoore@ou.edu</u>

Address: <u>660 Parrington Oval, Suite 213</u>

<u>Norman, Oklahoma 73019</u>

<u>/s/ C.B. Moore</u>                              <u>May 7, 2026</u>

Signature                                                Date

# CERTIFICATE OF SERVICE

I, <u>C.B. Moore</u>, hereby certify that on <u>May 7, 2026</u>, I served a copy of the foregoing **Docketing Statement**, to: <u>Sawmon Y. Davani and Rand C. Eddy</u>, at <u>sawmon@davanilawpllc.com and rand@eddylawok.com</u>, the last known address/email address, via this Court's ECF system for filing.

<u>/s/ C.B. Moore</u>
Signature

<u>May 7, 2026</u>
Date

<u>C.B. Moore</u>
<u>University of Oklahoma</u>
<u>Office of Legal Counsel</u>
<u>660 Parrington Oval, Suite 213</u>
<u>Norman, Oklahoma 73019</u>
Full name and address of attorney
